$100,997.00

IN THE CIRCUIT COURT OF THE ELEVENTH
JUDICIAL CIRCUIT OF FLORIDA IN AND FOR
MIAMI-DADE COUNTY
CIRCUIT CIVIL DIVISION
CASE NO. 2012-5126-CA-01

**FJUD**

FREEDOM MORTGAGE CORPORATION,

    Plaintiff,

vs.

SALVADOR BLANCO, SURF CONSULTANTS, INC., AS SUCCESSOR IN INTEREST TO CHASE MANHATTAN BANK, N.A, UNKNOWN TENANT IN POSSESSION #1 N/K/A SALVADOR BLANCO JR., UNKNOWN TENANT IN POSSESSION #2, UNKNOWN SPOUSE OF SALVADOR BLANCO N/K/A NARRE BLANCO,,

    Defendants.

FINAL ORDERS AS TO ALL PARTIES / SRS DISPOSITION NUMBER _____
THE COURT DISMISSES THIS CASE AGAINST ANY PARTY NOT LISTED IN THIS FINAL ORDER OR PREVIOUS ORDER(S). THIS CASE IS CLOSED AS TO ALL PARTIES.
Judge's Initials _____

## FINAL JUDGMENT OF FORECLOSURE

**THIS ACTION** was heard before the Court on Plaintiff's Motion for Summary Final Judgment on February 15, 2013. On the evidence presented, **IT IS ORDERED AND ADJUDGED** that Plaintiff's Motion for Summary Judgment is **GRANTED** against all Defendants listed by name: <u>SALVADOR BLANCO , SURF CONSULTANTS, INC., AS SUCCESSOR IN INTEREST TO CHASE MANHATTAN BANK, N.A , UNKNOWN TENANT IN POSSESSION #1 N/K/A SALVADOR BLANCO JR. , UNKNOWN TENANT IN POSSESSION #2 , UNKNOWN SPOUSE OF SALVADOR BLANCO N/K/A NARRE BLANCO</u>

1. **Amounts Due and Owing.** Plaintiff is due:

| | |
|---|---|
| Principal due on the note secured by the mortgage foreclosed: | $ 151,909.27 |
| Interest on the note and mortgage from 06/01/2011 to 02/15/2013 Interest rate at 6.0%, per diem $24.34 | $ 15,421.31 |
| Interest to date of this judgment | Same as above |

1074912

11-07385-2

| | |
|---|---:|
| Title search expenses | $ 425.00 |
| Taxes for the year(s) of 2011-2012<br>Year 2011: $ 615.48<br>Year 2012: $3,282.33 | $ 3,897.81 |
| Insurance premiums for the year(s) of 2012<br>Year 2012: $2,350.85 | $ 2,350.85 |

Attorneys' Fees:
   Finding as to the reasonable number of hours <u>9 hours</u>
   Finding as to reasonable hourly rate      <u>$175.00</u>
   Other*      <u>$1,125.00</u>
   Attorneys' Fees Total                                                          $ 2,700.00

* <u>(The requested attorney's fee is a flat rate fee that the firm's client has agreed to pay in this matter. Given the amount of the fee requested and the labor expended, the Court finds that a lodestar analysis is not necessary and that the flat rate is reasonable.)</u>

Court Costs, Now Taxed:

| | |
|---|---:|
| Filing Fee | $ 906.00 |
| Service of Process at $55.00 per defendant(s) | $ 275.00 |
| SUBTOTAL | $ 177,885.24 |

Additional Costs:

| | |
|---|---:|
| MIP/PMI: | $ 944.04 |
| Accumulated Late Charges: | $ 1,467.10 |
| Property Inspection: | $ 591.50 |
| SUBTOTAL | $ 180,887.88 |
| Less: Escrow Balance | $ 0.00 |
| Less: Other | $ 0.00 |
| **GRAND TOTAL** | $ 180,887.88 |

2.    **Interest**. The grand total amount referenced in Paragraph 1 shall bear interest from this date forward at the prevailing legal rate of interest, 4.75% a year.

3.    **Lien on Property**. Plaintiff, whose address is <u>907 Pleasant Valley Avenue, Suite 3, Mount</u>

1074912                                                                                                                 11-07385-2

Vernon, NJ 08054, holds a lien for the grand total sum superior to all claims or estates of the defendant(s), on the following described property in Miami-Dade County, Florida:

Lot 22, Block 35, NEW SHENANDOAH, according to the plat thereof as recorded in Plat Book 10, Page(s) 55, Public Records of Miami-Dade County, Florida.

Property Address: 1715 SW 23 Ter, Miami, FL 33145

4. **Sale of Property.** If the grand total amount with interest at the rate described in Paragraph 2 and all costs accrued subsequent to this judgment are not paid, the Clerk of the Court shall sell the subject property at public sale on _____MAY 1 6 2013_____, 20__, at 09:00 AM to the highest bidder for cash after having first given notice as required by Section 45.031, Florida Statues. The subject property shall be sold by electronic sale at: www.miamidade.realforeclose.com

5. **Costs.** Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Clerk if plaintiff is not the purchaser of the property for sale, provided, however, that the purchaser of the property for sale shall be responsible for documentary stamps affixed to the certificate of title. If the plaintiff is the purchaser, the Clerk shall credit plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full.

6. **Distribution of Proceeds.** On filing the Certificate of Title, the Clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of the plaintiff's costs; second, documentary stamps affixed to the Certificate; third, plaintiff's attorneys' fees; fourth, the total sum due to the plaintiff, less the items paid, plus interest at the rate prescribed in paragraph 2 from this date to the date of the sale; and by retaining any remaining amount pending the further order of this Court.

7. **Right of Possession.** Upon filing of the Certificate of Sale, defendant(s) and all persons claiming under or against defendant(s) since the filing of the Notice of Lis Pendens shall be foreclosed of all estate or claim in the property, except as to claims or rights under Chapter 718 or Chapter 720, Fla. Stat., if any. Upon filing the Certificate of Title, the person named on the Certificate of Title shall be let into possession of the property, subject to the provisions of the Protecting Tenants at Foreclosure Act of 2009, which was extended until 12/31/14 by the Dodd-Frank Wall Street Reform and Consumer Protection Act.

1074912

11-07385-2

8. **Jurisdiction.** The Court retains jurisdiction of this action to enter further orders that are proper, including, without limitation, writs of possession and deficiency judgments.

IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THE FINAL JUDGMENT.

IF YOU ARE A SUBORDINATE LIEN HOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN SIXTY (60) DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.

(If the property being foreclosed on has qualified for the homestead tax exemption in the most recent approved tax roll, the final judgment shall additionally contain the following statement in conspicuous type.)

IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF THE COURT, 140 WEST FLAGLER STREET, ROOM 908, MIAMI, FLORIDA (TELEPHONE: (305) 375-5943), WITHIN (10) DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.

IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT THE LEGAL AID SOCIETY AT THE DADE COUNTY BAR ASSOCIATION, 123 N.W. FIRST AVENUE, SUITE 214, MIAMI, FLORIDA, (TELEPHONE: (305) 579-5733), TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL

1074912                                                                                                                  11-07385-2

AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT THE DADE COUNTY BAR ASSOCIATION LEGAL AID SOCIETY, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.

**DONE AND ORDERED** in Chambers in Miami-Dade County, Florida, this 15th day of Feb, 2013.

_____
Circuit Judge

**JORGE E. CUETO**
**CIRCUIT COURT JUDGE**

Plaintiff shall serve <u>all</u> parties named on the service list and "occupant" at property address

1074912

11-07385-2

## SERVICE LIST

MCCALLA RAYMER, LLC
225 E. ROBINSON ST. SUITE 660
ORLANDO, FL 32801
Email: MRService@mccallaraymer.com

Christian S. Diaz, Esq., (Attorney for Salvador Blanco)
75 Valencia Ave 6 Flr.
Coral Gabes, FL 33134

Steven B. Sprechman, Esq. (Counsel for Surf Consultants, Inc., as successor in interest to Chase Manhattan Bank, N.A)
2775 Sunny Isles Blvd., Ste. 100
Miami, FL 33160
Email: pleadings@sprechmanlaw.com

Unknown Tenant In Possession #1 n/k/a Salvador Blanco Jr.
1715 SW 23 Ter
Miami, FL 33145

Unknown Spouse of Salvador Blanco n/k/a Narre Blanco
1715 SW 23 Ter
Miami, FL 33145

1074912

11-07385-2

## Addendum to Final Judgment

This addendum is a part of the final judgment to which it is attached. The rights and interests of the parties and anyone acquiring title to the mortgaged property at foreclosure sale are subject to and governed by the Helping Families Save Their Homes Act of 2009, 12 U.S.C. 5201. This means among other things that:

The party acquiring title through foreclosure sale takes subject to the interests of tenants as follows:

1. If the property is occupied by a bona fide tenant who has an unexpired written lease then the party acquiring title at the foreclosure sale shall honor all terms and conditions of the existing lease. The tenant must also honor all terms and conditions of the existing lease. However, if the party acquiring the property at foreclosure sale intends to occupy it as their primary residence then they may terminate the lease by giving the tenant a 90 day written notice before terminating the tenancy. Until the lease is terminated both parties must perform all terms and conditions of the existing lease.

2. If the property is occupied by a bona fide tenant without a lease or with a lease terminable at will under Florida law then the party acquiring title through foreclosure sale shall give the tenant a minimum 90 day written notice before terminating the tenancy. Until the tenancy is terminated both parties must perform all terms and conditions of the tenancy.

3. If the tenant is a participant in the Section 8 voucher program the new owner takes the property subject to the Section 8 lease and the Section 8 Housing Assistance Payments contract provided, however, if the new owner wants to live in the property then he shall give the tenant a minimum 90 day written notice before terminating the tenancy. Until the tenancy is terminated both parties must perform all terms and conditions of the tenancy.

A lease or tenancy is considered bona fide only if:

    a.    The mortgagor or the child, spouse, or parent of the mortgagor under the contract is not the tenant;

    b.    The lease or tenancy was the result of an arms length transaction; and

c. The lease or tenancy requires the receipt of rent that is not substantially less than fair market rent for the property or the unit's rent is reduced or subsidized due to a Federal, State, or local subsidy.

1074912

COPY HAND DELIVERED
TO PLTF'S ATTY
IN LIEU OF MAILING

11-07385-2